IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIDWEST FLOOR COVERINGS, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>DORADO SOAPSTONE LLC, a Colorado limited liability company and STEVEN CHAVEZ, an individual,<br><br>        Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:18-cv-465-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff, Midwest Floor Coverings, Inc. (Midwest), initiated this action on June 8, 2018.[1] Midwest asserts this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332;[2] however, it has failed to allege sufficiently the citizenship of Defendant Dorado Soapstone LLC (Dorado).  For the reasons stated below, Midwest is ORDERED to show cause why the Complaint should not be dismissed for lack of subject-matter jurisdiction.[3]

This court has a continuing obligation to ensure it maintains subject-matter jurisdiction throughout the dispute.[4]  For this court to exercise subject-matter jurisdiction under 28 U.S.C. § 1332, there must be complete diversity: "no plaintiff may be a citizen of the same state as any defendant."[5]  The parties' citizenship is determined from "the facts as they existed at the time of

---

[1] Dkt. 2.

[2] *Id.* ¶ 4.

[3] As the party invoking federal jurisdiction, Midwest has the burden of establishing subject matter jurisdiction. *Panicker v. State Dept. Agric.*, 498 F. App'x 755, 756 (10th Cir. 2012).

[4] *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation.") (internal quotations and citation omitted).

[5] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

filing."[6] A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business.[7] The citizenship of unincorporated entities, however, such as a limited liability company, is the citizenship of all of its members.[8] The members of unincorporated entities are the "owners" or "the several persons composing such an association."[9]

The Complaint does not sufficiently allege Dorado's citizenship. Midwest alleges Dorado is a limited liability company with its principal place of business in Colorado, but Midwest fails to allege the citizenship of Dorado's members.[10] Because Dorado is a limited liability company, its citizenship is based on the citizenship of its members.[11] Failure to allege the citizenship of each of Dorado's members is a failure to allege the citizenship of the unincorporated entity.[12]

Midwest is therefore ordered to show cause, within seven (7) days, why the court should not dismiss this case for lack of subject-matter jurisdiction.

SO ORDERED this 12th day of September 2019.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[6] *Id.* (citation omitted).

[7] *See* 28 U.S.C. § 1332(c)(1) (2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010).

[8] *Grynberg*, 805 F.3d at 905.

[9] *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (citations omitted).

[10] Dkt. 2 ¶ 2.

[11] *Grynberg*, 805 F.3d at 905–06.

[12] *Id.*